■ SAM BOYIAN et al., Respondents, v HARBOR LIGHTS MARINA, Appellant, et al., Defendants. [730 NYS2d 636] —Order unanimously reversed on the law without costs, motion granted and complaint against defendant Harbor Lights Marina dismissed. Memorandum: Supreme Court erred in denying the motion of Harbor Lights Marina (defendant) seeking summary judgment dismissing the complaint against it. In August 1994 Sam Boyian (plaintiff) hired defendant to repair a boat owned by plaintiff's father because the boat would not start. Approximately four days after picking up the boat from defendant, plaintiff, along with his parents and son, proceeded to defendant Jake's Boat Livery to buy fuel. Plaintiff's son was driving the boat. Plaintiff observed that almost 20 gallons of fuel had been pumped into the tank, although the tank held only 15 to 16 gallons of fuel. Plaintiff observed gasoline in the water. At plaintiff's direction, plaintiff's son started the boat after it was pushed away from the dock and had drifted approximately 20 yards from the gasoline in the water. Shortly thereafter, plaintiff observed a ball of flames shoot out from the bow of the boat. The passengers escaped into the lake, but plaintiff was burned before leaving the boat. An investigation of the fire revealed that the rubber fuel hoses may have deteriorated, and that a metal plate connected to the fuel tank may have been loose, permitting fuel to be in the bilge. Plaintiffs commenced this action alleging, *inter alia,* that defendant was negligent in failing to inspect and repair the boat.

Defendant met its initial burden of establishing its entitlement to judgment as a matter of law (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). According to the deposition testimony of defendant's president, plaintiff advised him that the boat would not start and had not been run in two

years and that the fuel gauge did not work, and plaintiff requested that repairs be performed to make the boat operable. Defendant further established that the fuel lines and fuel tank were concealed in the bow of the boat and that they would not be checked as part of a routine inspection without an indication that repairs were required, i.e., unless there was fuel on the floor of the boat, because the bow would have to be cut open to inspect the fuel lines and fuel tank. In opposition, plaintiff submitted his deposition testimony, wherein he testified that he asked defendant's president to "go through the whole boat and be sure everything is okay and safe"; an expert's affidavit providing an opinion concerning the cause of the explosion; and the accident report. We conclude that plaintiffs failed to raise an issue of fact whether defendant was negligent in failing to inspect the fuel lines and fuel tank where, as here, there was no indication that there was a problem with the fuel lines or fuel tank and the boat would have to be damaged in order to inspect them. (Appeal from Order of Supreme Court, Steuben County, Furfure, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Pine, Scudder and Lawton, JJ.